UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JEFFREY M. CAHOON, Executor of       :
the estate of John W. Cahoon,        :
and CARLA GRAVES CAHOON,             :
    Plaintiffs,                      :
                                     :
V.                                   :   CASE NO. 3:02CV2288(RNC)
                                     :
INTERNATIONAL BROTHERHOOD            :
OF ELECTRICAL WORKERS LOCAL 261,     :
ET AL.,                              :
                                     :
    Defendants.                      :

RULING AND ORDER

This wrongful death case is brought by the executor and widow of John C. Cahoon, who died as a result of injuries sustained in a confrontation with his shop steward at Electric Boat, Richard Dorans. The complaint seeks damages against Cahoon's union, Local 261 of the International Brotherhood of Electrical Workers ("Local 261"), the international union ("IBEW")), the Metal Trades Council of New London County ("MTC"), and Steven Alger, Local 261's president, on the ground that they are vicariously liable for Dorans' conduct.[1] The action was

---

[1] The vicarious liability counts against Alger claim that he is liable pursuant to Conn. Gen. Stat. § 31-114 (Ct. 9, ¶ 14), which provides, in relevant part: "No officer or member of any association or organization, and no association or organization participating or interested in a labor dispute, shall be held responsible or liable in any court for the unlawful acts of individual officers, members or agents, except upon proof of actual participation in, or actual authorization of, such acts, or ratification of such acts after actual knowledge thereof." The parallel counts against the other defendants state only that at the time of the fight, Dorans was acting as an agent, servant,

1

filed initially in Connecticut Superior Court, removed here and then remanded pursuant to a written ruling, familiarity with which is assumed. See Cahoon v, Int'l Bhd. Of Elec. Workers, 175 F. Supp. 2d 220 (D. Conn. 2001). After further proceedings on the remand, the action was once again removed. It is now here on another motion to remand filed by the plaintiffs. Also pending are motions for summary judgment filed by the defendants. After careful consideration of the parties' papers, I conclude that the vicarious liability claim against IBEW is preempted by § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), but the vicarious liability claims against MTC, Local 261 and Alger are not. Accordingly, plaintiffs' motion to remand is granted in part and denied in part, IBEW's motion for summary judgment is granted, and the other defendants' motions for summary judgment are denied.

The Claim Against IBEW Is Completely Preempted By Section 301

Section 301 of the LMRA provides for federal jurisdiction over "suits for violation of contracts between an employer and a labor organization representing employees." This text "has been read to pre-empt state-court resolution of disputes turning on the rights of parties under collective-bargaining agreements." Livadas v. Bradshaw, 512 U.S. 107, 114-15 (1994). Section 301 preemption aims to ensure that common terms in labor agreements do not receive differing interpretations. See id. at 122. It does not attempt "to regulate the substantive rights a State may

---

employee and/or official of each union. (E.g., Ct. 11, ¶ 10.)

2

provide to workers when adjudication of those rights does not depend upon the interpretation of such agreements." Lingle v. Norge Div. Of Magic Chef, Inc., 486 U.S. 399, 409 (1988). Thus, "it is the legal character of a claim, as independent of the rights under a collective bargaining agreement . . . that decides whether a state cause of action may go forward . . . [and] when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished . . . ." Lividas, 512 U.S. at 123-24. See Foy v. Pratt & Whitney Group, 127 F.3d 229, 233 (2d Cir. 1997); Brown v. National Football League, 219 F. Supp.2d 372, 388 (S.D.N.Y. 2002).

IBEW contends that plaintiffs' vicarious liability claim is preempted by § 301 because it is predicated on, and cannot be adjudicated without interpreting, various provisions of the IBEW constitution, which qualifies as a labor contract for preemption purposes. I agree.

To prevail on their vicarious claim against IBEW, plaintiffs must prove that an agency relationship existed between IBEW and Dorans. See W. Page Keeton, et al., Prosser And Keeton On the Law Of Torts, § 70 (5th ed. 1984). Plaintiffs do not allege that IBEW had a direct agency relationship with him. They contend, rather, that Dorans was an agent of Local 261, which, in turn, was an agent of IBEW.

Agency is "the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act." Restatement (Second) Agency § 1 (1957). Accordingly, plaintiffs must prove (1) IBEW's manifestation of intent that Local 261 would act on its behalf with regard to shop stewards, (2) Local 261's acceptance of the undertaking, and (3) an understanding between the parties that IBEW would be in control. See McDermott v. Calvary Baptist Church, 819 A.2d 795, 799 (Conn. 2003).

Plaintiffs contend that they can prove these things without relying on the IBEW constitution. Significantly, however, in opposing IBEW's motion for summary judgment, they have relied primarily on a number of the constitution's provisions, in particular, provisions that make the constitution binding on local unions, officers and members; authorize IBEW's president to take various actions against local unions and their officials for failure to observe IBEW laws and rules; and confer on the international executive council power to try any local union or member charged with injuring the interests of the IBEW and to revoke or suspend the charter or membership of any local union. (Notice of Removal, Ex. C.). Plaintiffs have not shown that the claim can be adjudicated without reference to these provisions.

The preemption inquiry with regard to the claim against IBEW thus boils down to whether the meaning of the relevant provisions of the IBEW constitution is genuinely disputed. A genuine

4

dispute does exist. No party contends that the pertinent provisions are unambiguous or open to only one reasonable interpretation. The claim is therefore preempted.[2]

Plaintiffs contend that a contrary conclusion was reached in this case before. However, no such ruling was actually intended, or could properly have been made. The issue whether § 301 preempts the vicarious liability claim against IBEW was not presented then; the relationship between IBEW and Local 261 is not a master-servant relationship, which usually provides the basis for vicarious liability; and plaintiffs did not invoke the IBEW constitution in an effort to show that IBEW may be held responsible for Dorans' actions until after the remand.

Plaintiffs do not contend that they have a viable claim against IBEW under § 301.[3] Accordingly, the claim against IBEW

---

[2] In Hayden v. Reickerd, 957 F.2d 1506 (9th Cir. 1992), a union steward brought state law claims for assault and retaliation for union activities against two management employees and a vicarious liability claim against their employer. The employer argued that the vicarious liability claim was preempted because the issue whether it ratified the acts of its management employees could not be determined without interpreting the collective bargaining agreement. The Ninth Circuit rejected that argument because the agreement did not describe the employer's duties with regard to disciplining management employees or preventing them from engaging in tortious conduct. The court also stated that even if the agreement did bear on determining the issue of ratification, it would be anomalous to rule that the vicarious liability claim against the employer was preempted when the underlying tort claim was not. Here, unlike the situation in Hayden, the vicarious liability claim is not based on a traditional master-servant relationship.

[3] Suits pursuant to § 301 must be "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). A labor union may assume a duty of care in a labor contract, United Steelworkers of Amer., AFL-CIO-CLC v. Rawson, 495 U.S. 361, 372 (1990), but there is no claim IBEW has

must be dismissed.

<u>The Claims Against MTC Are Not Preempted By Section 301</u>

MTC contends that it is entitled to summary judgment based on LMRA preemption because its alleged vicarious liability for Dorans' tortious conduct also depends an interpretation of the IBEW constitution. I disagree.

Though plaintiffs rely heavily on the IBEW constitution in connection with their vicarious liability claims against IBEW, they have not relied on the constitution in connection with their claims against MTC. This makes it difficult for MTC to meet its burden of showing that the claims depend on an analysis of the constitution. MTC fails to meet this burden because no such showing has been made. Moreover, the relevance of the IBEW constitution to the issue whether an agency relationship existed between MTC and Dorans is far from clear.[4]

Accordingly, plaintiffs' vicarious liability claims against MTC are not preempted by § 301 of the LMRA.

<u>The Claims Against Local 261 and Alger Are Not Preempted</u>

Plaintiffs' previous motion to remand the vicarious liability claims against Local 261 and Alger was granted on the ground that those claims do not present federal questions. See <u>Cahoon</u>, 175 F. Supp.2d at 229. That is still the case, so the present motion to remand those claims is also granted.

---

done so in the collective bargaining agreement, bylaws, or union constitution.

[4] No one claims that MTC is a "local union" under the constitution.

Conclusion

For the foregoing reasons, plaintiffs' motion to remand is granted in part, IBEW's motion for summary judgment is granted, and the other defendants' motions for summary judgment are denied. The claims against IBEW are dismissed with prejudice and the claims against the other defendants are remanded to the Superior Court for the Judicial District of New London.

So ordered.

Signed at Hartford, Connecticut this 12th day of February 2004.

```
_____
    Robert N. Chatigny
  United States District Judge
```